UNITED STATES DISTRICT COURT
DISTRICT COURT OF MASSACHUSETTS

ANDREA CAPPELLO, and,
VERUSCA DAVILA,

                              Case No.:12-10189

    Plaintiffs,
vs.

CARNIVAL CORPORATION,

    Defendant.
_____/

## SEAMAN'S COMPLAINT AND JURY DEMAND

Plaintiffs, ANDREA CAPPELLO (hereinafter, "CAPPELLO") and VERUSCA DAVILA (hereinafter, "DAVILA"), by and through undersigned counsel hereby sues CARNIVAL CORPORATION (hereinafter "Defendant") and alleges:

## JURISDICTION

1. The causes of action asserted in this Complaint by CAPPELLO arise under the Jones Act (46 U.S.C. § 30104) and the General Maritime Law of the United States. Consequently, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1333.

2. The loss of consortium cause of action asserted in this Complaint by DAVILA arises in conjunction with CAPPELLO'S Unseaworthiness claim. Consequently, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333.

3. This Court has personal jurisdiction over the Defendant as Defendant has sufficient contacts with Massachusetts by purposefully engaging in continuous and systematic pursuit of general business activities in the Commonwealth by operating cruise ships from Boston Harbor, advertising in print, television and radio media within the Commonwealth, paying taxes to the Commonwealth, entering into contracts with Commonwealth citizens, as well as licensing to do business within the Commonwealth.

4. As Defendant's does business in this District by operating cruise ships from Boston, venue is proper under 45 U.S.C. § 56 as applied through the Jones Act.

## GENERAL ALLEGATIONS

5. At all material times, Defendant owned, operated, managed, maintained and/or controlled the Panamanian flagged vessel *CARNIVAL LEGEND* (hereinafter, "The Vessel").

6. CAPPELLO was employed by the Defendant as a 3rd Engineer and, at all material times; CAPPELLO was a seaman, Officer of the Vessel and member of The Vessel's crew.

7. At all material times, The Vessel was in navigable waters.

8. On or about October 20, 2010, acid and/or other type caustic solution erupted/exploded into Plaintiff's eyes while mixing chemicals for a piece of machinery used to purify water aboard the vessel. As a consequence, Plaintiff's eyes were burnt so badly that he is now blind in both eyes and for the remainder of his life.

9. Immediately after the incident, CAPPELLO presented to the ship's medical facility where he was given untimely and inappropriate medical care.

## COUNT I
## JONES ACT NEGLIGENCE

CAPPELLO re-alleges, incorporates by reference, and adopts paragraphs 1 through 9 above as if they were fully alleged herein.

10. It was the duty of Defendant to provide CAPPELLO with a safe place to work.

11. CAPPELLO's injuries are due to the fault and negligence of the Defendant, and/or its agents, servants, and/or employees as follows:

    a. Defendant failed to use reasonable care to provide and maintain a safe place to work for CAPPELLO and/or CAPPELLO's fellow crew members, fit with proper and adequate machinery, crew and equipment needed to safely perform his assigned duties aboard The Vessel;

b.  Defendant failed to promulgate and enforce reasonable rules and regulations to insure the safety and health of the CAPPELLO, while engaged in the course of CAPPELLO's employment with Defendant;

c.  Defendant failed to update and modernize shipboard equipment to eliminate the archaic and dangerous task of manually mixing the subject chemicals and other dangerous solutions;

d.  Defendant failed to replace the chemicals and/or other dangerous shipboard solutions with safer and less hazardous substitutes to eliminate or reduce the archaic and dangerous task of manually mixing the subject chemicals and other dangerous solutions;

e.  Defendant failed to adequately train CAPPELLO on how to properly and safely mix the subject chemicals and/or other dangerous solutions which erupted/exploded into his eyes;

f.  Defendant failed to adequately supervise CAPPELLO on how to properly and safely mix the subject chemicals and/or other dangerous solutions which erupted/exploded into his eyes;

g.  Defendant failed to provide CAPPELLO with proper safety equipment necessary to safely perform his duties;

h.  Defendant failed to implement a method of operation which was reasonable and safe and would prevent dangerous conditions such as the one alleged in this action;

i.  Defendant failed to follow sound management practices with the goal of providing CAPPELLO a safe place to work.

    j.    Prior to CAPPELLO's accident Defendant failed to investigate the hazards to CAPPELLO and take the necessary steps to eliminate those hazards, minimize those hazards or warn CAPPELLO of the danger those hazards posed.

    k.    Defendant failed to select and utilize competent, skilled and sufficiently trained medical care providers, trained in the proper medical specialty to be able to properly diagnose and treat CAPPELLO.

    l.    Defendant failed to equip The Vessel's medical facility with proper and adequate medical diagnostic and equipment to enable The Vessel's medical care providers to properly provide for CAPPELLO's medical needs.

    m.    Defendant failed to properly and timely manage CAPPELLO's medical care and treatment after CAPPELLO was injured, through his convalescence and up to the time CAPPELLO was declared at maximum medical cure/improvement.

    n.    Defendant failed to provide prompt, proper and adequate medical care to the CAPPELLO, which aggravated CAPPELLO's injuries and caused CAPPELLO additional pain and disability;

12. Defendant knew of the foregoing conditions causing CAPPELLO's incident/accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant in the exercise of reasonable care should have learned of them and corrected them.

13. As a result of the negligent of Defendant, CAPPELLO was injured about the body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience of the normal pursuits and pleasures of life, feelings of economic insecurity caused by the disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of the injuries, suffered physical

handicap, lost past and future wages as well as impaired/diminished working ability and earning capacity. The injuries and damages are permanent or continuing in nature and CAPPELLO will suffer the losses and impairments in the future. In addition, CAPPELLO in the past and in the future has/will lost/loose the fringe benefits that come with CAPPELLO's job, including but not limited to free food, free shelter, free medical care, free uniforms, vacation and free airfare home.

WHEREFORE, CAPPELLO demands all damages entitled by law including compensatory damages, court costs and interest.

## COUNT II
## BREACH OF THE WARRANTY OF SEAWORTHINESS

CAPPELLO re-alleges, incorporates by reference, and adopts paragraphs 1 through 9 above as if they were fully alleged herein.

14. Defendant had the absolute non-delegable duty to provide CAPPELLO with a seaworthy vessel which was reasonably fit for its intended purpose.

15. On or about the time stated in Paragraph 8 above, Defendant breached its duty to CAPPELLO as The Vessel was unseaworthy and not reasonably fit for its intended purpose by reason of the following:

   a. Failing to properly train him on how to safely mix the subject acid and/or caustic solutions;

   b. Failing to sufficiently train CAPELLO on how to safely mix the subject acid and/or caustic solutions;

   c. Failing to provide CAPPELLO with sufficient written and/or oral instructions on how to mix the subject acid and/or caustic solutions;

   d. Failing to provide CAPPELLO with safety equipment to safely perform his duties;

    e. Failing to provide an emergency eyewash station at the location where CAPPELLO was required to mix the subject acid and/or other caustic solutions;

    f. Failing to implement a method of operation which was reasonable and safe and would prevent dangerous conditions such as the one alleged in this action;

    g. Failing to provide CAPPELLO with a competent shipboard medical staff to properly and timely diagnose and/or treat CAPPELLO's injuries.

    h. Failing to equip The Vessel's infirmary with sufficient and appropriate medical equipment and medications to provide CAPPELLO with timely and appropriate medical care for the injuries suffered;

    i. Failing to provide CAPPELLO with competent shore side medical personnel to properly and timely diagnose and/or treat CAPPELLO's injuries.

16. As a result of the above-alleged unseaworthiness, CAPPELLO was injured about the body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience of the normal pursuits and pleasures of life, feelings of economic insecurity caused by the disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of the injuries, suffered physical handicap, lost past and future wages as well as impaired/diminished working ability and earning capacity.  The injuries and damages are permanent or continuing in nature and CAPPELLO will suffer the losses and impairments in the future.  In addition, CAPPELLO in the past and in the future has/will lost/loose the fringe benefits that come with CAPPELLO's job, including but not limited to free food, free shelter, free medical care, free uniforms, vacation and free airfare home.

WHEREFORE, CAPPELLO demands all damages entitled by law including compensatory damages, court costs and interest.

## COUNT III
## FAILURE TO PROVIDE MAINTENANCE AND CURE

CAPPELLO re-alleges, incorporates by reference, and adopts paragraphs 1 through 9 above as if they were fully alleged herein.

17. Under the General Maritime Law of the United States, CAPPELLO, as a seaman, is entitled to recover maintenance and cure from Defendant until CAPPELLO is declared to have reached maximum medical cure/improvement.

18. Defendant delayed, failed and/or refused to pay CAPPELLO's entire maintenance and cure benefits. In or about December 2011, Defendant stopped providing CAPPELLO'S maintenance benefits without a declaration from a qualified medical physician that CAPPELLO reached maximum medical improvement. To this end, Defendant through Enterprise Shipping Agency, s.r.l. deposited maintenance funds into CAPPELLO'S bank account for a series of months following his medical sign off. However, after a year of providing maintenance, Enterprise Shipping Agency, s.r.l., acting on behalf of Defendant, prematurely cut off maintenance payments citing the sick wage provision in the Officer's Agreement. The Officer's Agreement is clear that sick wages which is separate and apart from maintenance. The Officer's Agreement states only sick wages expires after a year. The Officer's Agreement also provides maintenance is to be provided beyond a year. As such, there is no basis for which Defendant could prematurely terminate maintenance.

19. The delay, failure and/or refusal to pay maintenance and cure aggravated CAPPELLO's condition and/or caused CAPPELLO to suffer additional injuries and damages including, but not limited to, aggravation of CAPPELLO's physical condition, disability, pain and suffering, reasonable fear of developing future physical and medical problems, mental anguish, loss of

enjoyment of life, feelings of economic insecurity as well as lost earning or earning capacity, and medical and hospital expenses in the past and future.

20. Defendant's delay, failure and/or refusal to pay CAPPELLO's entire maintenance and cure were without a reasonable defense as (1) the subject Officer's Agreement does cap maintenance payments at a year and (2) even if the Officer's Agreement did cap maintenance payments at a year it would violate United States public policy and is unenforceable.

21. Defendant's delay, failure and/or refusal to pay CAPPELLO's entire maintenance and cure were willful, arbitrary, capricious, and in callous disregard to CAPPELLO's plight. As such, CAPPELLO has become obligated to retain the undersigned law firm to pursue her rights against Defendant.

WHEREFORE, CAPPELLO demands judgment for all damages awardable including those for unpaid maintenance and cure, compensatory damages, attorney fees, punitive damages, court costs and interest.

## COUNT IV
## FAILURE TO PROVIDE PROMPT, PROPER AND ADEQUATE MAINTENANCE AND CURE

CAPPELLO re-alleges, incorporates by reference, and adopts paragraphs 1 through 9 above as if they were fully alleged herein.

22. It was Defendant's duty to provide CAPPELLO with prompt, proper and adequate maintenance and cure under the Jones Act.

23. Defendant breached its duty to provide CAPPELLO with prompt, proper and adequate maintenance and cure by:

   a. Failing to provide CAPPELLO with shipboard doctors competent to diagnose and treat CAPPELLO's injuries; and/or,

   b. Providing CAPPELLO with superficial medical care;

  c. The shipboard doctor selected and hired by Defendant failed to properly diagnose CAPPELLO's injury; and/or,

  d. Failing to provide CAPPELLO with shoreside doctors competent to treat CAPPELLO's injuries;

  e. Failing to provide CAPPELLO with, medication, follow up treatment and eye lenses that were prescribed by treating physicians, and/or,

  f. Failing to pay for CAPPELLO's entire maintenance and cure benefits without a reasonable defense.

24. As a direct and proximate result of Defendant's breach of duty, CAPPELLO's condition was aggravated, CAPPELLO's recovery was prolonged and/or CAPPELLO suffered additional injuries. This resulted in damages including, but not limited to, disability, pain and suffering, reasonable fear of developing future physical and medical problems, mental anguish, loss of enjoyment of life, feelings of economic insecurity, lost earning or earning capacity as well as medical and hospital expenses in the past and future.

  WHEREFORE, CAPPELLO demands judgment for all damages awardable including those for unpaid maintenance and cure, compensatory damages, court costs and interest.

## COUNT V
## LOSS OF CONSORTIUM

DAVILA re-alleges, incorporates by reference, and adopts paragraphs 1 through 9 and 14 through 16 above as if they were fully alleged herein.

25. At all material times, Plaintiffs, CAPPELLO and DAVILA were and are married living together as a family.

26. As a direct and proximate result of the aforementioned unseaworthiness alleged in paragraphs 14 through 16 above, DAVILA suffered in the past and will continue to suffer in the future the deprivation of her husband, CAPPELLO, companionship, society and consortium

who, prior to the accident, had been in good health and fully capable of performing all of his family relationships and household duties, but now cannot do so.

WHEREFORE, DAVILA demands judgment against the Defendant for compensatory damages, costs and interest.

\* \* \*

### DEMAND FOR JURY

CAPPELLO and DAVILA demand trial by jury on all issues so triable.

**Submitted this 1 Day of February, 2012.**

**BRAIS & ASSOCIATES, P.A.**
Attorneys for Plaintiffs
New World Tower
100 North Biscayne Blvd.
Suite 800
Miami, Florida 33132
Telephone: (305) 416-2901
Facsimile: (305) 416-2902


By:/s/ Keith Brais
  **KEITH S. BRAIS**
  **Massachusetts Bar No.: 557 889**


**KAPLAN BOND GROUP**
Attorneys for Plaintiffs
88 Black Falcon Ave, Suite 301
Boston, MA 02210
Telephone: (617) 261-0080
Facsimile: (617) 261-1558

By: /s/ Brian Keane
  **BRIAN KEANE**
  **Massachusetts Bar No.: 656717**